UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JASON BERRY, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:24-cv-221 |
| ) | |
| v. ) | |
| ) | Judge Atchley |
| SULLIVAN COUNTY JAIL, RICHARD S. ) | Magistrate Judge Lee |
| VENABLE & JEFF CASSIDY, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff, an inmate in the Sullivan County Detention Center, filed a pro se complaint for violation of § 1983 arising out of attacks on him by other inmates [Doc. 1], an amended complaint [Doc. 6], and a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion [*Id.*] before screening the complaints [Docs. 1, 6].

### I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.

## II.   COMPLAINT SCREENING

### A.   Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

### B.   Background

Plaintiff claims that three unnamed correctional officers "shoved [him] in a cell [and] slammed the door [and] locked it" [Doc. 1 p. 3; Doc. 6 p. 3].[1] Those correctional officers then

---

[1] As it is unclear whether Plaintiff intended his second complaint [Doc. 6] to replace his first complaint [Doc. 1], the Court screens both of these complaints together.

2

"watched [five] people jump [Plaintiff] and beat" Plaintiff up in a manner that caused him various injuries, including injuries to his eyes, ears, nose, and shoulder [Doc. 1 p. 4; Doc. 6 p. 4]. However, medical did not see Plaintiff, and no one took Plaintiff to the hospital [Doc. 1 p. 4]. Also, unnamed correctional officers spoke to Plaintiff about the attack, but no one did anything about it [*Id.*].

Plaintiff was then placed in a different cell, where inmates "jumped" him a second time [*Id.*]. Plaintiff complained to unspecified correctional officers and medical, but nothing was done [*Id.*].

Plaintiff has sued the Sullivan County Jail, Mayor Richard S. Venable, and Sheriff Jeff Cassidy [*Id.* at 1, 3; Doc. 6 at 1, 3]. As relief, Plaintiff requests that all the jail's correctional officers be fired and never allowed to work in law enforcement again, up to six million dollars for pain and suffering, to see a specialist for his injuries from the first attack, and that the jail be shut down or required to hire new officers [Doc. 1 p. 5; Doc. 6 p. 5].

C. Analysis

It is apparent that Plaintiff seeks to hold Defendants liable for their alleged failure to protect him from the inmates who attacked him. Because Plaintiff was presumably a pretrial detainee at the time of the incidents underlying his complaint, the Court analyzes his failure to protect claim under the Fourteenth, rather than the Eighth, Amendment. *Brawner v. Scott Cnty., Tenn.,* 14 F.4th 585, 596 (6th Cir. 2021). Under the Fourteenth Amendment, pretrial detainees cannot be subjected to punishment prior to a determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citation omitted). Accordingly, for Plaintiff's complaint to state a plausible claim that any Defendant failed to protect him from other inmates, Plaintiff must set forth facts from which the Court can infer that the Defendant "acted deliberately (not accidentally), [and] also

3

recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff does not do so. While Plaintiff states that unspecified officers "shoved" him in a cell and watched the first attack on him by other inmates, he has not sued those officers or identified any of them in his Complaint [Docs. 1 & 6].

Nor has Plaintiff indicated that any named individual Defendant was personally involved in any incident in the complaint, including both (1) the excessive force incidents and (2) the failures to provide him with medical care after the excessive force, such that the Court could plausibly infer that any individual Defendant may be liable for those allegations under § 1983. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Also, while Plaintiff has named the Sullivan County Jail as a Defendant, this is not an entity subject to suit under § 1983. *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). And while Sullivan County, which runs the Sullivan County Jail, is an entity subject to suit under § 1983, Plaintiff does not plausibly allege that any incident in his complaint resulted from a custom or policy of Sullivan County. Therefore, the Court cannot liberally construe the complaint to state a claim against Sullivan County. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). To the extent that Plaintiff has sued any individual Defendant in his official capacity, such a claim fails for the same reason. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all

4

respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690, n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**.

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaints in favor of Plaintiff, they fail to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**